IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 17-10126-01-JTM

REGINA GARCIA,

        Defendant.

**MEMORANDUM AND ORDER**

The court has before it defendant's *pro se* Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (Dkt. 61), in which defendant requests that her sentence be reduced based upon Amendment 782 to United States Sentencing Guideline § 1B1.10. Defendant does not qualify for the relief requested.

I. <u>Procedural History</u>

Defendant was indicted on September 12, 2017 on five counts of possession with intent to distribute a controlled substance (methamphetamine) contrary to 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B) (Dkt. 1). On December 12, 2017, defendant pled guilty to Count 4 of the Indictment charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Defendant's Plea Agreement (Dkt. 29) was made pursuant to Fed. R. Crim. P. 11(c)(1)(C). The maximum statutory sentence that could have been imposed pursuant to Count 4 of the Indictment was not less than ten years to life imprisonment, a fine no greater than $10,000,000, at least five years of supervised release, and a $100 mandatory special assessment. The applicable USSG sentence, based upon a total offense level of 33 and a

criminal history category of III, ranged from 168 months to 210 months imprisonment. (Dkt. 42, p. 25). As part of the Plea Agreement, the parties jointly recommended to the court a sentence of 120 months in prison, five years of supervised release, no fine, and a $100 mandatory special assessment. (Dkt. 29, p. 2).

Defendant was sentenced on March 12, 2018, per the plea agreement, to 120 months in prison, five years of supervised release, and a $100 special assessment. (Dkt. 45). Defendant did not appeal or otherwise challenge her conviction or sentence. Defendant filed the current motion requesting that her sentence be reduced pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to United States Sentencing Guideline (USSG) § 1B1.10, which reduced certain base offense levels in the drug quantity tables at USSG §§ 2D1.1 and 2D1.11 by two levels.

II. Analysis

"A federal district court may modify a defendant's sentence only when Congress expressly has authorized it." *United States v. Anderson*, 2019 WL 2085667 at *1 (D. Kan. May 13, 2019) (citing 18 U.S.C. § 3582(c); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). 18 U.S.C. § 3582(c)(2) allows a district court, in some cases, to modify a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Hughes v. United States* held that section 3582(c)(2) applies even in cases where the defendant has entered an 11(c)(1)(C) plea agreement when the agreement is "based on" the defendant's Guidelines range. __ U.S. __, 138 S.Ct. 1765, 1775 (2018). "[A] sentence imposed pursuant to a Type-C agreement is 'based on' the

defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.*

Assuming that the sentence imposed is based on a sentencing range that had been subsequently lowered by the Sentencing Commission, district courts then follow a two-step inquiry to determine whether a reduction is necessary pursuant to 18 U.S.C. Section 3582(c)(2). First, the court must determine whether a reduction is consistent with United States Sentencing Guideline Section 1B1.10, and then it must determine whether the authorized reduction is warranted by the factors set forth in 18 U.S.C. Section 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683 (2010).

In this instance, the court need not reach the second step of the analysis because defendant's sentence was not "based on" a sentencing range provided by the USSG. Defendant's Plea Agreement specifically addressed the application of the USSG, noting:

> [t]he parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

(Dkt. 29, p. 3). The court accepted the Plea Agreement and imposed the sentence as requested by the parties; it is clear the USSG did not provide the "framework" within which the court made its decision.

Further, defendant would not be eligible for a sentence reduction pursuant to Amendment 782 to the USSG because that Amendment was in effect at the time of her sentencing on March 12, 2018. Amendment 782 became effective on November 1, 2014 and was incorporated into the 2014 USSG. Defendant's Presentence Investigation Report

3

indicates that "[t]he 2016 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level." (Dkt. 42, p. 12). To the extent that the USSG provided to the court did provide a framework for the court's ultimate sentence, that guideline range already incorporated Amendment 782 and its effect upon base offense level calculations.

III. Conclusion

Defendant has requested relief pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the USSG. Although defendant's Rule 11(c)(1)(C) Plea Agreement, in itself, does not bar the relief requested, it does demonstrate that relief is not available under 18 U.S.C. § 3582(c)(2) because a subsequently-lowered guideline level did not form the basis of defendant's sentence. Further, to the extent that the court's sentence was made within the USSG range, that range already incorporated Amendment 782 because the Amendment was effective over three years prior to defendant's sentencing date. The court cannot modify a defendant's sentence without express congressional authorization, and the court lacks that authorization here.

Defendant's Motion for Reduction of Sentence (Dkt. 61) is therefore DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 12th day of July, 2019.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT