IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
          Plaintiff,

v.                               Case No. 17-10126-JTM

REGINA RAZO,
          Defendant.

### MEMORANDUM AND ORDER

This matter is before the court on defendant Regina (Razo) Garcia's Motion for Judicial Recommendation to Grant Home Confinement (Dkt. 63). Defendant asks the court to grant her request for home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) and the Coronavirus Aid, Relief, and Economic Security (CARES) Act. The United States opposes the Motion. For the reasons set forth below, the court finds that it does not have jurisdiction to grant the relief sought by defendant.

Defendant was sentenced on March 12, 2018 to 120 months in prison pursuant to a plea of guilty to one count of the Indictment against her charging distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(A)(1) and (B)(1)(A). (Dkt. 28, 29, 45). Defendant contends she is an appropriate candidate for home confinement under 18 U.S.C. § 3582(c)(1)(A) because the threat of Covid-19 in her correctional facility, combined with her chronic asthma and hypertension, constitute "extraordinary and compelling circumstances" for her release.

18 U.S.C. § 3582(c)(1)(A)'s "compassionate release" provision allows the court to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons,"

so long as certain prerequisites are met and the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Britton*, 2020 WL 2404969 at *3 (D. N.H. May 12, 2020) (citations omitted). The Tenth Circuit interprets the limits on a court's authority established by § 3582(c) to be jurisdictional. *See United States v. Spaulding*, 802 F.3d 1110, 1112, 1122 (10th Cir. 2015) (finding that "courts have jurisdiction to alter … criminal judgments only to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" and that "the relevant provisions of § 3582(c) operate as a clear and mandatory restriction on a court's authority.") (internal quotation marks and citations omitted).

One of those limitations concerns a defendant's obligation to pursue administrative remedies prior to seeking compassionate release from the court. Section 3582(c)(1)(A)  specifies that if defendant chooses to file a motion requesting modification of a term of imprisonment directly with the court, she may do so *only* after exhausting all administrative rights to appeal the Bureau of Prison's failure to bring such a motion upon her behalf, or after the expiration of 30 days from a request made to the warden of the defendant's facility for such a recommendation. *See* 18 U.S.C. § 3582(c); *United States v. Britton*, 2020 WL 2404969 at *3 (D. N.H. May 12, 2020) (discussing the two alternative avenues for exhaustion under § 3582(c) and characterizing the expiration of 30 days to be an "exception" to the traditional administrative appeal process). A defendant's failure to satisfy this prerequisite precludes the court from granting relief under section 3582(c). *United States v. Nash*, No. 19-40022-1-DDC, 2020 WL 1974305 at *2 (D. Kan. Apr. 24, 2020) ("[u]nless the defendant meets this exhaustion requirement, the court lacks jurisdiction

to modify the sentence or grant relief") (quoting *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019)). *See also United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887 (D. Kan. Apr. 10, 2020); *United States v. Brown*, No. 12-20066-37-KHV, 2020 WL 1935053 (D. Kan. Apr. 22, 2020); *United States v. Moore*, No. 15-10132-01-EFM, 2020 WL 2061429 (D. Kan. Apr. 29, 2020).

Defendant makes no mention of administrative remedies pursued with the warden of her facility or other Bureau of Prisons authority prior to filing her motion with the court. This court has observed that "sound policy reasons support the requirement that defendant must first present to the BOP her request for a reduced sentence." *United States v. Read-Forbes*, CR 12-200999-01-KHV, 2020 WL 1888856 at *4 (D. Kan. Apr. 16, 2020) (noting that the BOP is in a better position to determine an inmate's medical needs, the specific risks of Covid-19 at the facility in question, the adequacy of a release plan, the danger to the community upon defendant's release, and to coordinate home confinement where appropriate). Because defendant here has not shown that she has exhausted all administrative remedies or that 30 days have passed since the warden of her facility received her request for compassionate release, the court has no jurisdiction to grant a sentence reduction, home confinement, or other remedy under section 3582(c)(1)(A). *See id.* at *5.

In addition to her request for relief under § 3582(c), defendant asks the court to recommend she serve her sentence by home confinement and argues such a recommendation would be consistent with the intent and purpose of the CARES Act. The CARES Act expanded the BOP's existing discretion regarding home confinement by

lengthening the maximum amount of time the Director is authorized to place an inmate in home confinement prior to release. *See Nash*, 2020 WL 1974305 at *1 (citing CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)); *see also Furando v. Ortiz*, 2020 WL 1922357 at *2-3 (D. N.J. April 21, 2020) (detailing home confinement procedures established by the Attorney General and BOP under the CARES Act).  But, only the Bureau of Prisons has the authority to order home confinement under the CARES Act. *See Nash*, 2020 WL 1974305, at *3 ("the CARES Act authorizes the BOP – not courts – to expand the use of home confinement"); *Boyles*, 2020 WL 1819887 at *2 n.10 (explaining the difference between the CARES Act grant of authority to the BOP to lengthen the duration of home confinement and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)).

Even if this court was authorized to make a recommendation to the BOP concerning defendant's eligibility for home confinement, that recommendation would necessarily be non-binding and the defendant would still be required to pursue the appropriate administrative processes within the BOP to obtain home confinement under the CARES Act. In light of its lack of authority and sound policy reasons supporting the BOP's ability to exercise the discretion afforded it, the court declines to make any recommendations concerning defendant's eligibility for home confinement.

The court lacks authority to grant defendant's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because defendant has not shown she has exhausted administrative remedies or that 30 days have elapsed from the date of her request to the warden of her facility to make such a motion on her behalf. Similarly, the court lacks

authority under the CARES Act to order home confinement. Because the court is without jurisdiction to grant any of the relief requested by defendant, her Motion (Dkt. 63) is DENIED.

IT IS SO ORDERED this 19th day of June, 2020.


/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT