IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 17-10126-01-JWB

REGINA MARIE RAZO,
*also known as Regina Marie Garcia,*

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 72.) The motion has been fully briefed and is ripe for decision. (Docs. 77, 78.) For the reasons stated herein, Defendant's motion for sentence reduction is DENIED.

**I. Facts and Procedural History**

Defendant was charged in an indictment with five counts relating to unlawful distribution of controlled substances. On December 12, 2017, Defendant entered a plea of guilty to count four, which charged that Defendant knowingly distributed 50 grams or more (approximately 109.80 grams) of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (Doc. 28.) By statute, such an offense carries a mandatory minimum sentence of ten years (120 months) imprisonment and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii). Defendant entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) in which both parties agreed to recommend a sentence of 120 months imprisonment. (Doc. 29.) The Presentence Report (PSR) determined that the advisory guideline range for the offense was 168-210 months.

(Doc. 42 at 26.)  The Hon. J. Thomas Marten accepted the Rule 11(c)(1)(C) recommendation and sentenced Defendant to a term of 120 months imprisonment.  Judgment was entered on March 12, 2018.  (Doc. 45.)

In July of 2019, Defendant filed a motion for sentence reduction based on an amendment to the sentencing guidelines, but the court dismissed the motion for lack of jurisdiction.  (Docs. 61, 62.)  Defendant filed a second motion in April 2021 seeking to reduce her sentence with a "hardship credit," but the court again dismissed the motion for lack of jurisdiction.  (Docs. 67, 70.)  Defendant then filed the instant motion for compassionate release, arguing that extraordinary and compelling reasons exist for a sentence reduction.  (Doc. 72.)  Defendant argues that her health conditions, including obesity, hypertension, asthma, high cholesterol, depression, anxiety, PTSD, and a history of smoking, all put her at an increased risk of severe illness or death if she were to contract COVID-19.  She further contends the conditions at Aliceville where she is detained make it more likely she will get COVID, such that the threat to her health is an extraordinary and compelling reason to grant a release from custody.  Defendant argues other factors also favor a reduction, such as the fact that she is a non-violent offender and that she has made efforts at self-improvement while incarcerated.

The government opposes the motion.  It concedes Defendant has exhausted administrative remedies and appears to concede that Defendant's health conditions qualify as – or at least potentially qualify as – extraordinary and compelling reasons to consider compassionate release.  (Doc. 77 at 4, 10-11.)  The government argues the § 3553(a) factors, however, weigh against a reduction.  (*Id.* at 12.)

**II. Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons warrant such a reduction…." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file her own motion for reduction after she "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable

to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021); *United States v. Vargas*, No. 13-10193-JWB, 2021 WL 4623586, at *1 (D. Kan. Oct. 7, 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

**III. Analysis**

The court finds Defendant has exhausted administrative remedies on her request, thereby permitting the court to address the merits of the motion.

The court notes Defendant has cited evidence that she has significant health issues. At the same time, it bears pointing out that Defendant is of a relatively young age, she has received COVID vaccines, and has access to medical care within the institution where she is currently incarcerated. Ultimately, however, the court need not determine whether Defendant's health conditions rise to the level of an extraordinary and compelling ground for a sentence reduction because, even assuming they do, a consideration of the § 3553(a) factors convince the court that no sentence reduction is warranted.

The nature and circumstances of the offense, as well as Defendant's history and characteristics, weigh against a sentence reduction. As part of her plea agreement, Defendant admitted having sold over 100 grams of actual methamphetamine to a confidential informant. (Doc. 42 at 2.) That quantity alone was sufficient to require a ten-year mandatory minimum sentence under § 841(b)(1)(A)(viii), which applies to offenses involving 50 grams or more of methamphetamine. The guideline range in the PSR, which also included Defendant's relevant conduct, determined that Defendant was responsible in total for over 350 grams of actual methamphetamine. (*Id.* at 11.) The PSR reflects that an enhancement was applied for possession of a dangerous weapon based on firearms found in or around Defendant's house. (*Id.* at 12.)

4

Defendant's guideline also included an enhancement because the methamphetamine being sold was imported into the United States from Mexico. (*Id.* at 13.) The offense conduct described in the PSR shows that Defendant was a full participant in negotiating, obtaining, and distributing methamphetamine, and that she engaged in this conduct while still on supervised release from a prior federal conviction involving methamphetamine. (*Id.* at 10-11.) Although Defendant denies any knowledge of the firearms that were found in or near the residence she shared with a co-defendant (Doc. 78 at 3), the PSR states that Defendant's DNA was found on one of the handguns found in the residence. (Doc. 42 at 11.) As alluded to above, Defendant had a 2006 federal conviction for conspiracy to possess methamphetamine with intent to distribute. Like the instant offense, the prior offense resulted in imposition of a ten-year sentence. (*Id.* at 16.) This history indicates that Defendant would be likely to revert to the unlawful distribution of drugs, and would likely present a danger to the community, if she were granted an early release.

Defendant's release date is currently estimated to be February 3, 2026, a little less than four years from now. She is 47 years old. Considering all of the circumstances, the court concludes the 120-month sentence originally imposed remains an appropriate sentence and that there are no extraordinary and compelling circumstances that warrant a reduction of sentence. The court concludes this sentence remains necessary to promote respect for the law, to reflect the seriousness of the offense, to provide just punishment, and to afford adequate deterrence to criminal conduct – both as to Defendant, and to others. The court notes that the sentence of 120 months was agreed to by Defendant in her plea agreement and that it represented a significant reduction from the otherwise applicable guideline range of 168 to 210 months. The 120-month sentence is also necessary to avoid unwarranted disparities among defendants with similar records who are found guilty of similar offenses.

## IV. Conclusion

Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 72) is DENIED.  IT IS SO ORDERED this 9th day of June, 2022.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
